UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X

THE UNITED STATES FOR THE USE AND BENEFIT
OF ZIEGENFUSS DRILLING, INC.,

                Plaintiff,                Case # 303 CV 26 (MRK)

-against-

UNITED STATES FIDELITY AND GUARANTY
COMPANY and MOHAWK NORTHEAST, INC.,

                Defendants.

-----------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR BIFURCATON PURSUANT
TO FED.R. CIV. P. 42(b)**

**PRELIMINARY STATEMENT**

Plaintiff, Ziegenfuss Drilling Inc. ("ZDI") hereby objects to Mohawk's Northeast, Inc. ("Mohawk") motion for bifurcation pursuant to Fed. R. Civ. P.42(b) for a separate trial of its second affirmative defense and first counterclaim on the following grounds:

    1.    A cursory review of the documents annexed to Mohawk's moving papers as Exhibit "A" clearly demonstrate that there was no meeting of the minds as concerns the terms of settlement. ZDI in its October 4, 2002 letter and in its amendment to the October 4, 2002 Waiver of Claims clearly indicated that for settlement to occur, all funds were to be received by ZDI no later than October 15, 2002.

    2.    ZDI's letter of October 16, 2002 makes it clear that no funds were received by ZDI on or before the date specified within the letter of October 4th and Waiver of Claim dated October 4, 2002. As such, no settlement was agreed to or occurred.

- 1 -

3. ZDI will be put to additional cost and expense if required to prepare for separate trials in this matter.

## DISCUSSION

As set forth within *Unites States v. 43.47 Acres of Land*, 45 F.Supp.2d 187, 190, the court noted that Fed. R. Civ. P. 42(b) provides that the court in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim. Bifurcation, however, is a procedural device to be employed only in exceptional circumstances. *Marisol A. v. Giuliani*, 919 F.S. 662, 693 (S.D.N.Y. 1996).

It is evident based upon the documentation annexed to Mohawk's moving papers that no settlement was ever reached, and as such bifurcation is inappropriate. Further, this clearly does not qualify as an "exceptional circumstance" as set forth in *Marisol A. v. Giuliani*, and as such should not be considered.

## CONCLUSION

For the foregoing reasons, ZDI requests that this Court deny Mohawk's motion for bifurcation pursuant to Fed. Civ. P. 42(b) in its entirety.

WELBY, BRADY & GREENBLATT, LLP

By: Paul G. Ryan (ct19433)
Attorney for Plaintiff
Ziegenfuss Drilling, Inc.
11 Martine Avenue
White Plains, NY 10606
(914) 428-2100

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum of Law has been sent, via first class mail, postage prepaid, this 17th day of October, 2003, to all counsel of record, including:

Mark A. Rosenblum, Esq.
Rogin, Nassau, Caplan, Lassman & Hirtle, LLC
Cityplace 1, 22nd Floor
Hartford, CT 06013

Paul G. Ryan