UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X

THE UNITED STATES FOR THE USE AND BENEFIT
OF ZIEGENFUSS DRILLING, INC.,

                                    Plaintiff,                            Case # 303 CV 26 (MRK)

                                -against-

UNITED STATES FIDELITY AND GUARANTY
COMPANY and MOHAWK NORTHEAST, INC.,

                                  Defendants.

------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**PRELIMINARY STATEMENT**

By motion dated September 24, 2003, defendants, United States Fidelity and Guaranty Company ("USF&G") and Mohawk Northeast, Inc. ("Mohawk") seek and order granting leave to file a second amended answer, affirmative defenses and counterclaim in the instant matter.

**ARGUMENT**

In its motion, Mohawk seeks to interpose a fourth count to its counterclaim, seeking entitlement to recovery on a theory of *quantum meruit*. Despite counsel's assertion, Ziegenfuss Drilling, Inc. ("ZDI") disagrees that it will not suffer any prejudice due to this amendment if allowed, and therefore requests that it be denied.

- 1 -

As an initial matter, Mohawk's motion fails to include a written memorandum of law as required by Rule 7 of the Local Rules of Civil Procedure for the United States District Court, District of Connecticut. As set forth within Rule 7, motion procedures:

> Any motion involving disputed issues of law shall be accompanies by a written memorandum of law and shall indicate in the lower margin of the motion whether oral argument is requested. Failure to submit a memorandum may be deemed sufficient cause to deny the motion.

Likewise, Mohawk has failed to comply with time requirements set forth within Rule 16 of the Local Rules of Civil Procedure, and has further failed to set forth good cause why its motion should be granted as required by Rule 16.

The Court in <u>Cardona v. Girard Mitsubishi, Inc.</u>, 2000 W.L. 306437(D. Conn.) dealt specifically with the issue of a motion to amend which failed to include a memorandum of law and was arguably filed beyond the time allowed in the initial scheduling order. A copy of the <u>Cardona</u> decision is annexed for the court's review and consideration. In <u>Cardona</u>, the Court noted that a party who requests leave to amend after the date specified in the initial scheduling order must satisfy two prerequisites. First, the movant must meet the requirement of Rule 16, and second, the movant must show that leave to amend is proper under Rule 15 of the Federal Rule of Civil Procedure. <u>Forstmann v. Culp</u>, 114 F.R.D. 83 (M.D.N.C. 1987) In this matter, the initial scheduling order was filed in April 2003, approximately six months ago. Further, the Court in <u>Cardona</u> noted that a scheduling order can be modified only upon a showing of good cause.

As is clearly evident from the brevity of Mohawk's moving papers, no showing of good cause has been made, which coupled with the prejudicial effect this late amendment will have

upon ZDI, supports ZDI's position that Mohawk's motion for leave to file a second amended complaint be denied in its entirety.

## CONCLUSION

As Mohawk has failed to comply with Local Rule 7 and 16, by filing an untimely motion and failing to file a memorandum of law demonstrating good cause for granting of the motion, coupled with the prejudicial effect this motion will have upon ZDI, it is respectfully requested that Mohawk's motion be denied in its entirety.

WELBY, BRADY & GREENBLATT, LLP

By: Paul G. Ryan (ct19433)
Attorney for Plaintiff
Ziegenfuss Drilling, Inc.
11 Martine Avenue
White Plains, NY 10606
(914) 428-2100

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum of Law has been sent, via first class mail, postage prepaid, this 16th day of October, 2003, to all counsel of record, including:

Mark A. Rosenblum, Esq.
Rogin, Nassau, Caplan, Lassman & Hirtle, LLC
Cityplace 1, 22nd Floor
Hartford, CT 06013



Paul G. Ryan

2000 WL 306437
(Cite as: 2000 WL 306437 (D.Conn.))

Page 7

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Pedro J. Echevarria CARDONA,
v.
GIRARD MITSUBISHI, INC. et al.

No. 3:99CV948(CFD).

Jan. 7, 2000.

RECOMMENDED RULING ON PLAINTIFF'S MOTION TO AMEND

GARFINKEL.

*1 Plaintiff Pedro J. Echevarria Cardona moves to amend his complaint in order to change certain allegations in the counts asserted in his original complaint and to add three new counts against defendant Girard Mitsubishi, Inc. For the following reasons, plaintiff's motion (Doc. # 12) is DENIED without prejudice.

According to this Court's Standing Order, all motions to amend the pleadings shall be filed within sixty days after the complaint is filed. D.Conn. Standing Order on Pretrial Deadlines ¶ (b). In this case, the Complaint was filed on May 20, 1999. The parties then filed a Report of Parties' Planning Meeting on August 5, 1999, which this Court adopted as the Scheduling Order on October 1, 1999. The parties' Planning Report modified the Standing Order in several respects, but did not change the deadline applicable to amending the pleadings. Thus, plaintiff had until July 20, 1999 to file a motion to amend his complaint. Instead, he moved for leave to amend on August 2, 1999.

Plaintiff urges this Court to apply Rule 15(a), Fed.R.Civ.P., which provides that leave to amend a pleading "shall be freely given when justice so requires." While plaintiff has articulated the correct standard under Rule 15, we find that this lenient standard applies only to motions to amend which are filed within the deadlines set forth in the scheduling order controlling a case. Because plaintiff filed his motion to amend after the deadline passed, we must evaluate his motion in light of Rule 16, Fed.R.Civ.P., and Local Rule 11, which apply to modifications of the scheduling order. [FN1] See Winder v. Aetna Corp., No. 3:98-cv-1822, 1999 WL 305427, at *1 (D.Conn. Apr. 13, 1999) (Nevas, J.) (discussing the interplay between Rule 15 and Rule 16(b)).

   FN1. Local Rule 11(b) provides that:
   Within ninety (90) days after the appearance of any defendant, the Court, after considering the parties' proposed case management plan under Fed.R.Civ.P. 26(f) and Local Rule 38, shall enter a scheduling order that limits the time:
   (1) to join other parties and to amend the pleadings;
   (2) to complete discovery;
   (3) to file dispositive motions; and
   (4) to file a joint trial memorandum.
   ... The schedule established by the Court for completing discovery, filing dispositive motions and filing a joint trial memorandum shall not be modified except by further order of the Court on a showing of good cause.
   Similarly, Rule 16(b), Fed.R.Civ.P., provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by the local rule, by a magistrate judge."

The court in *Forstmann v. Culp,* 114 F.R.D. 83 (M.D.N.C.1987), addressed a motion to amend a complaint which was filed in circumstances similar to ours. There, the plaintiff sought to amend his complaint for a third time, but filed his motion more than one year after the deadline set by the scheduling order. When analyzing the plaintiff's motion, the court stated that "[a] party who requests leave to amend after the date specified in the initial scheduling order must satisfy two prerequisites." 114 F.R.D. at 85 (emphasis added). First, the movant must meet the requirement of Rule 16, and second, the movant must show that leave to amend is proper under Rule 15. *Id.*

Pursuant to Rule 16(b) and Local Rule 11, a scheduling order can be modified only "upon a showing of good cause." In this case, plaintiff offers no reason this Court should modify the scheduling order. Indeed, plaintiff did not file either a memorandum in support of his motion or a reply to defendant Girard Mitsubishi's objection. Pursuant to Local Rule 9, "[a]ny motion involving disputed issues of law shall be accompanied by a written memorandum of law ..." Local Rule 9 further provides that "[f]ailure to submit a memorandum may be deemed sufficient cause to deny the motion." While Local Rule 9 does not mandate that we deny plaintiff's motion, plaintiff's failure to file a brief is

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2000 WL 306437  
(Cite as: 2000 WL 306437, *1 (D.Conn.))

Page 8

one factor we may consider. Because plaintiff has failed to demonstrate any good cause, we find he has not met his burden under Rule 16. *See Winder,* 1999 WL 305427, at *1 (denying without prejudice the plaintiff's **motion** to **amend** her **complaint** where she **filed** the **motion** out-of-time and did not show good cause under Rule 16(b); and thus concluding that justice did not require the plaintiff to be allowed to **amend** her **complaint** under Rule 15(a)).

*2 For the reasons set forth above, plaintiff's **motion** for **leave** to **amend** his **complaint** (Doc. # 12) is DENIED without prejudice. Plaintiff may **file** another **motion** to **amend** his **complaint**, with an accompanying memorandum of law addressing the requirements of Rules 15(a) and 16(b), Fed.R.Civ.P. Any objections to this recommended ruling must be **filed** with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure 72; Local Rule 2 for United States Magistrate Judges; *FDIC v. Hillcrest Assocs.,* 66 F.3d 566, 569 (2d Cir.1995).

So ordered this 7th day of January 2000 at Bridgeport, Connecticut.

2000 WL 306437, 2000 WL 306437 (D.Conn.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works