UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*****************************************

THE UNITED STATES FOR THE USE
AND BENEFIT OF ZIEGENFUSS
DRILLING, INC.

: Case No. 303 CV 26 (MRK)

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY and MOHAWK
NORTHEAST, INC.

: November 4, 2003

*****************************************

### DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION
### TO MOTION FOR LEAVE TO AMEND

Pursuant to Fed. R. Civ. P. 15(a), on September 24, 2003, the defendants filed a Motion for Leave to file a Second Amended Answer setting forth an additional and alternative counterclaim sounding in *quantum meruit* ("Defendants' Motion"). In the body of Defendants' Motion, defendants set forth the reasons for their proposed amendment.

- 1 -

W:\Public\MRosenblum\Mohawk Northeast - Ziegenfuss\Pleadings\Reply to P's Objection to Motion to Amend 11-2003.doc
11/4/03 12:50 PM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

On or about October 16, 2003, plaintiff filed a Memorandum in Opposition to defendants' Motion for Leave to Amend. As grounds for its opposition, the plaintiff maintains that Defendants' Motion is (a) untimely; and (b) not supported by "good cause."

It is true that the defendants' Motion for Leave to Amend was filed beyond the time limits set forth in the initial Scheduling Order of April 15, 2003. However, this in itself does not mean that the Defendants' Motion should be denied, as even the case cited by plaintiff (Cardona v. Girard Mitsubishi, Inc., 2000 WL 306437 (D. Conn.)) makes perfectly clear. In Cardona, the plaintiff filed a motion for leave to amend two weeks after the deadline set by the scheduling order. Even so, the timeliness of the motion was not dispositive. Rather, as the language of the decision itself manifests, the timeliness of the motion for leave to amend was at most a secondary consideration. Thus, while it is accurate for the plaintiff herein to say that the motion to amend in Cardona was denied, it is critical to note at the same time that the denial was without prejudice to refile with an accompanying memorandum of law showing good cause. Id.

Leave to amend is generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides in relevant part that, "… a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The case law under this rule has been as liberal as the text itself. See, e.g., Block v. First Blood Assocs., 988

W:\Public\MRosenblum\Mohawk Northeast - Ziegenfuss\Pleadings\Reply to P's Objection to Motion to Amend 11-2003.doc
11/4/03 12:50 PM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

F.2d 344, 350 (2nd Cir. 1993) ("[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.")

In Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2nd Cir. 2000), the Second Circuit held that, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." The Court thus applied the Rule 16(b) "good cause" standard to a motion for leave to amend. Notably, this decision did not mandate a showing of good cause at the district court level in order to grant a motion for leave to amend, but rather, it merely held that a district court did not abuse its discretion in doing so. Thus, the determination is ultimately left to the district court's discretion. The court went further to articulate its standard of good cause by saying that, "a finding of good cause depends on the diligence of the moving party." Id.

Following the Parker decision, many courts have still chosen to exercise their discretion to apply the traditional and more liberal Rule 15(a) analysis to determine whether there exists good cause. See, e.g., Senich v. American-Republican, Inc., 215 F.R.D. 40, 42 (D. Conn. 2003) (applying a balancing approach between the "lenient standard under Rule 15… and the requirement under Rule 16(b)"); Topps Co. v. Cadbury Stani S.A.I.C., 2002 WL 31014833 (S.D.N.Y. 2002) ("this Court may consider plaintiff's request for leave to amend under the 'good cause' standard of Fed.R.Civ.P. 16(b) rather than the less strict standard under Rule 15(a). Nonetheless, the Court finds it useful to examine Rule 15(a) case law in

W:\Public\MRosenblum\Mohawk Northeast - Ziegenfuss\Pleadings\Reply to P's Objection to Motion to Amend 11-2003.doc
11/4/03 12:50 PM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

considering whether plaintiff has demonstrated good cause") (*internal citations omitted*). At least two courts in the Second Circuit have failed to apply any sort of good cause analysis where the party opposing the motion for leave to amend failed to show specific or material prejudice. See Travelers Indemnity Co. of Conn. v. Jack L. Gordon Architects, P.C., 2002 WL 109613 (S.D.N.Y. 2002); Zomba Recording Corp. v. Mp3.com, Inc., 2001 WL 770926 (S.D.N.Y. 2001) ("where defendant has utterly failed to show how it will be materially prejudiced by the amendment, the Court exercises its discretion to permit the amendment." (citing Block, 988 F.2d at 350.)

Understanding that the matter will be left largely to the district court's discretion, an analysis of the case law is appropriate to determine which factors have weighed most heavily in the courts' good cause determinations. Clearly among the most weighty factors is the diligence of the moving party. See Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2nd Cir. 2003) ("a finding of good cause depends on the diligence of the moving party"); Parker, 204 F.3d at 340 ("we agree with these courts that a finding of 'good cause' depends on the diligence of the moving party."); Rent-a-Center Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (2003); Senich, 215 F.R.D. at 42; Topps Co., 2002 WL 31014833 at *2; Oxaal v. Internet Pictures Corp., 2002 WL 485704 at *1 (S.D.N.Y. 2002); Julian v. Equifax Check Svcs, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998).

A key element of the movant's diligence is whether the movant had the knowledge of the facts underlying the amendment before the scheduling order deadline. See Rent-a-Center, Inc., 215

- 4 -

W:\Public\MRosenblum\Mohawk Northeast - Ziegenfuss\Pleadings\Reply to P's Objection to Motion to Amend 11-2003.doc
11/4/03 12:50 PM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

F.R.D. at 104 ("the defendants' failure to comply with the Court's Scheduling Order resulted from a lack of diligence, because the substance of the defendants' 'new' claim was known when the defendants filed their original amended answer and added their counterclaim."); Topps Co., 2002 WL 31014833 at *2 ("plaintiff has provided a reasonable justification for this delay: specifically, *that it was unaware of its claim until it deposed certain parties*... just prior to its request to make this motion to amend") (citing Parker, 204 F.3d at 340 for the proposition that a good cause finding depends on the diligence of the moving party); Julian, 178 F.R.D. at 16 (finding that a factor weighing against a finding of good cause is that counsel acknowledged that, "the facts upon which the motions are based were available and known to the [movant] prior to the... motion filing deadline.")

As in Topps Co., the defendants herein were unaware, until after the scheduling order deadline, of the factual basis for plaintiff's denial of the alleged contract modification/novation upon which defendants seek to rely in their affirmative defense and counterclaim. Defendants have been diligent in this litigation and in fact sought to amend their complaint soon after the September 11, 2003 deposition of Mark Ziegenfuss, the plaintiff's president, who was the first to fully reveal plaintiff's contrary position on this issue.

Defendants were unaware of the factual basis for plaintiff's denial of the contract modification/novation claim to which their proposed amendment responds until after the scheduling

W:\Public\MRosenblum\Mohawk Northeast - Ziegenfuss\Pleadings\Reply to P's Objection to Motion to Amend 11-2003.doc
11/4/03 12:50 PM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

order deadline, and defendants have demonstrated due diligence in this litigation. They have therefore established good cause for this Court to grant leave to amend their complaint. Moreover, plaintiff has made only a bald assertion of prejudice without any real showing of material prejudice. Therefore, defendants' Motion for Leave to Amend should be granted.

**WHEREFORE,** the defendants respectfully request that the Court grant the defendants' Motion for Leave to Amend.

DEFENDANTS/COUNTER-PLAINTIFFS,
United States Fidelity & Guaranty and
Mohawk Northeast, Inc.

By: /s/ Mark A. Rosenblum
Mark A. Rosenblum
Federal Bar No. ct01086

W:\Public\MRosenblum\Mohawk Northeast - Ziegenfuss\Pleadings\Reply to P's Objection to Motion to Amend 11-2003.doc
11/4/03 12:50 PM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

## CERTIFICATION

This is to certify that a copy of the foregoing Reply to Plaintiff's Objection to Motion for Leave to Amend has been mailed, postage prepaid, on the ___4th___ day of November, 2003 to the following:

Paul G. Ryan, Esq.
Michael E. Greenblatt, Esq.
Welby Brady & Greenblatt, LLP
50 Main Street
White Plains, New York  10606

_____
Mark A. Rosenblum

W:\Public\MRosenblum\Mohawk Northeast - Ziegenfuss\Pleadings\Reply to P's Objection to Motion to Amend 11-2003.doc
11/4/03 12:50 PM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793