FILED

Dec 1 10 20 AM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*******************************************

THE UNITED STATES FOR THE USE
AND BENEFIT OF ZIEGENFUSS
DRILLING, INC.

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY and MOHAWK
NORTHEAST, INC.

Case No. 303 CV 26 (MRK)

November 26, 2003

*******************************************

## DEFENDANTS' SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Pursuant to the Court's order of November 24, 2003, the defendants, United States Fidelity and Guaranty Company ("USF&G") and Mohawk Northeast, Inc. ("Mohawk") hereby file the within Second Amended Answer, Affirmative Defenses and Counterclaims:

## ANSWER

1. The allegations of paragraph 1 of the Complaint are admitted.

2. The allegations of paragraph 2 of the Complaint are admitted.

- 1 -

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

3. The allegations of paragraph 3 of the Complaint are admitted.

4. The allegations of paragraph 4 of the Complaint are admitted in part and denied in part. It is admitted that Ziegenfuss Drilling, Inc. ("ZDI") has commenced an action to recover such damages. It is specifically denied, however, that Mohawk has failed to pay plaintiff ZDI for labor and materials provided to the project known as Drydock Support Facility – Naval Submarine Base, Groton, CT, Contract No. N62472-01-C-0039 (the "Project").

5. The allegations of paragraph 5 of the Complaint are admitted.

6. The allegations of paragraph 6 of the Complaint are admitted.

7. The allegations of paragraph 7 of the Complaint are admitted.

8. The allegations of paragraph 8 of the Complaint are admitted.

9. No response is required to the allegations of paragraph 9 of the Complaint.

10. The allegations of paragraph 10 of the Complaint are admitted.

11. The allegations of paragraph 11 of the Complaint are admitted.

12. The allegations of paragraph 12 of the Complaint are admitted.

13. In response to paragraph 13 of the Complaint, defendant Mohawk incorporates its answers to the allegations contained in paragraphs 1 through 12 of the Complaint as if set forth herein at length.

14. The allegations of paragraph 14 of the Complaint are admitted.

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

15. The allegations of paragraph 15 of the Complaint are admitted in part and denied in part. It is admitted that ZDI provided Mohawk with a price quotation which Mohawk accepted, a copy of which is annexed to the Complaint. The remainder of the allegations are denied, except insofar as the document speaks for itself.

16. The allegations of paragraph 16 of the Complaint are admitted in part and denied in part. It is admitted that from sometime after June 28, 2001 to on or about May 2002, ZDI performed work on the Project. It is denied, however, that ZDI performed extra or additional work on the Project at Mohawk's request; rather, any work ZDI performed was under and pursuant to its price proposal to Mohawk, as modified in the manner set forth hereinbelow in defendants' Third Affirmative Defense and Second Count of their Counterclaim. It is further denied that any such alleged "extra and additional work" had a reasonable value of $50,000.00 or more.

17. The allegations of paragraph 17 of the Complaint are denied.

18. The allegations of paragraph 18 of the Complaint are denied. The referenced "agreement" is an accepted price proposal, and it speaks for itself.

19. The allegations of paragraph 19 of the Complaint are denied.

20. The allegations of paragraph 20 of the Complaint are denied.

21. The allegations of paragraph 21 of the Complaint are denied.

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

22.     In response to paragraph 22 of the Complaint, defendant Mohawk incorporates its answers to the allegations contained in paragraphs 1 through 21 of the Complaint as if set forth herein at length.

23.     The allegations of paragraph 23 of the Complaint are admitted in part and denied in part. It is admitted that, within the alleged time frame, ZDI furnished labor and materials to the Project at Mohawk's request. The remainder of the allegations are denied.

24.     The allegations of paragraph 24 of the Complaint are denied. To date, Mohawk has paid ZDI the total sum of $370,000.00 for its work on the Project, and Mohawk denies any further amounts are due and owing to ZDI.

25.     The allegations of paragraph 25 of the Complaint are denied.

26.     The allegations of paragraph 26 of the Complaint are denied.

27.     In response to paragraph 27 of the Complaint, defendant USF&G incorporates the above answers to the allegations contained in paragraphs 1 through 26 of the Complaint as if set forth herein at length.

28.     The allegations of paragraph 28 of the Complaint are admitted.

29.     The allegations of paragraph 29 of the Complaint are admitted.

30.     The allegations of paragraph 30 of the Complaint are admitted.

31.     The allegations of paragraph 31 of the Complaint are admitted.

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

32. The allegations of paragraph 32 of the Complaint are admitted in part and denied in part. It is admitted that from sometime after June 28, 2001 to on or about May 2002, ZDI performed work on the Project. It is denied, however, that ZDI performed extra or additional work on the Project at Mohawk's request; rather, any work ZDI performed was under and pursuant to the pricing provisions of its June 28, 2001 price proposal with Mohawk, as modified in the manner set forth hereinbelow in defendants' Third Affirmative Defense and Second Count of their Counterclaim. It is further denied that any such alleged "extra and additional work" had a reasonable value of $50,000.00 or more.

33. The allegations of paragraph 33 of the Complaint are denied.

34. The allegations of paragraph 34 of the Complaint are admitted in part and denied in part. It is admitted that the work for which ZDI originally bid to Mohawk was required under Mohawk's contract with the United States of America, Department of the Navy ("Navy"). It is also admitted that ZDI furnished labor and materials with the knowledge, consent and approval of the defendants. It is specifically denied, however, that the entirety of the labor and materials furnished by ZDI was necessary for the performance of Mohawk's contract with the Navy; rather, ZDI's failure to perform properly and completely its contractual obligations to Mohawk required ZDI to expend extra and/or additional labor and materials on the Project which were not called for in Mohawk's contract with the Navy.

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

35. The allegations of paragraph 35 of the Complaint are admitted in part and denied in part. It is admitted that Mohawk has refused to pay the sums demanded. It is denied, however, that said monies are rightly due and owing ZDI.

36. The allegations of paragraph 36 of the Complaint are admitted in part and denied in part. It is admitted that one year has not elapsed from the date of final settlement of Mohawk's contract with the Navy. It is denied, however, that no portion of the $241,771.00 allegedly due and owing has been paid; rather, Mohawk paid ZDI an additional $70,000.00 on January 21, 2003 which, by agreement of the parties, was to be credited against ZDI's alleged claim, the validity of which Mohawk has at all times denied and continues to deny. Moreover, it is denied that any amount has been wrongfully withheld by Mohawk for any period of time; and it is further denied that ZDI is entitled to interest from May 29, 2002.

37. The allegations of paragraph 37 of the Complaint are admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Payment)

1. Mohawk has paid ZDI in full for all of ZDI's labor and materials provided to the Project.

- 6 -

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT  06103-3460 • (860) 278-7480 • JURIS NO. 50793

**Second Affirmative Defense** (Accord and Satisfaction)

2. In or about October 2002, the parties entered an accord and satisfaction of ZDI's disputed claim.

3. The material terms of the accord and satisfaction called for Mohawk to tender, and for ZDI to accept, a payment of $100,000.00 in full and final satisfaction of all of ZDI's disputed claims.

4. Subsequent to October 2002, Mohawk has repeatedly tendered the $100,000.00 to ZDI in accordance with the parties' accord and satisfaction, but ZDI has refused to accept the same.

5. The parties' accord and satisfaction is legally binding and enforceable in all material respects, and binds ZDI.

**Third Affirmative Defense** (Modification/Novation)

6. During the course of ZDI's performance of labor and provision of materials to the Project, ZDI breached the parties' understanding in a number of particulars. By way of example but not limitation, ZDI inexcusably caused costly scheduling delays and failed to furnish to the Project the agreed-upon materials and the necessary equipment to perform ZDI's work in a proper and timely fashion, all to Mohawk's financial detriment. As a result of the untenable position in which Mohawk was placed by these breaches by ZDI, the parties modified their original understanding

- 7 -

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

(reflected to some degree, in the price proposal attached to the plaintiff's Complaint) and/or entered into a novation of that understanding.

7. The modification/novation of the parties' original understanding provided that Mohawk would contribute its *own* labor and its *own* materials to aid ZDI in completing ZDI's agreed-upon but inadequate and unsatisfactory performance. Mohawk's account with ZDI was to be credited to the extent of the reasonable and fair value of Mohawk's contribution toward ZDI's work; and any remaining balance due from Mohawk to ZDI was to be further reduced to the extent that ZDI's originally contracted-for work was supplanted, substituted for, superseded or made unnecessary by Mohawk's contribution as aforesaid.

8. Mohawk abided by this modification/novation in aiding ZDI in completing its work and in performing ZDI's contracted-for work, but ZDI has repudiated the modification/novation in failing to properly credit Mohawk and failing to deduct its own overcharges for work not ultimately performed by ZDI.

9. The modification/novation is valid and enforceable, and under the terms thereof, ZDI has already been fully compensated by Mohawk for all work done on the Project.

- 8 -

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

## COUNTERCLAIMS

### First Count

10. All of the allegations of paragraphs 2 through 5 of the Second Affirmative Defense hereinabove are realleged and incorporated herein as if set forth at length.

11. As a result of ZDI's attempted repudiation of the parties' accord and satisfaction, Mohawk has suffered financial loss and damage for which ZDI is liable to Mohawk.

### Second Count

12. All of the allegations of paragraphs 6 through 9 of the Third Affirmative Defense hereinabove are realleged and incorporated herein as if set forth at length.

13. As a consequence of such modification/novation, Mohawk is entitled to be reimbursed by ZDI for the labor and materials that Mohawk contributed to the Project, and Mohawk is also entitled to an offset of ZDI's claim and/or reimbursement to the extent that ZDI has been overpaid for contracted-for work it did not ultimately perform on the Project..

14. Mohawk has made demand on ZDI to compensate Mohawk for such sums, but ZDI has failed and refused to pay Mohawk, in violation of the parties' agreement and understanding.

15. Mohawk has suffered financial loss and damages as a result of ZDI's breach, for which ZDI is liable.

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

**Third Count**

16. All of the allegations of paragraphs 12 through 15 of the Second Count of defendants' Counterclaims are realleged and incorporated herein as if set forth at length.

17. ZDI has been unjustly enriched by: a) refusing to credit and/or reimburse Mohawk for overpayments made to ZDI for contracted-for work that ZDI did not perform; and/or b) securing the benefits of the labor performed and materials forwarded by Mohawk to the Project, without crediting or otherwise compensating Mohawk for the full and fair value of same.

18. By reason of the foregoing, Mohawk has suffered financial loss and damage for which ZDI is liable.

**Fourth Count**

19. Because ZDI failed to furnish to the Project the proper materials and necessary equipment to perform its work in a proper and timely fashion, Mohawk was required to supply and provide equipment, materials and labor of its own which would not otherwise have been necessitated but for ZDI's breach as aforesaid.

20. At all relevant times, plaintiff was aware that defendant Mohawk was providing its own equipment, materials and labor as aforesaid.

- 10 -

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

LAW OFFICES • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

21. As a result of the foregoing, Mohawk is entitled to recover the reasonable value of the materials, equipment and services provided to complete ZDI's work.

**WHEREFORE,** defendants respectfully demand judgment as follows:

1. As to each of defendants' First, Second and Third Affirmative Defenses, judgment against plaintiff and in favor of defendants;

2. As to Count One of the Counterclaim, judgment in counter-plaintiff Mohawk's favor and against counter-defendant ZDI for specific performance of the parties' accord and satisfaction agreement, compensatory damages, costs and disbursements of this action, and such further relief as this Court may deem just and proper.

3. As to Counts Two, Three and Four of the Counterclaim, judgment in counter-plaintiff Mohawk's favor and against counter-defendant ZDI for compensatory damages, costs and disbursements of this action, and such further relief as this Court may deem just and proper.

DEFENDANTS/COUNTER-PLAINTIFFS,
United States Fidelity and Guaranty Co. and
Mohawk Northeast, Inc.

By: _____
Mark A. Rosenblum
Federal Bar No. ct01086

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

## CERTIFICATION

This is to certify that a copy of the foregoing Proposed Second Amended Answer, Affirmative Defenses and Counterclaim has been mailed, postage prepaid, on the ___ day of November, 2003 to the following:

Paul G. Ryan, Esq.
Michael E. Greenblatt, Esq.
Welby Brady & Greenblatt, LLP
50 Main Street
White Plains, New York 10606

_____
Mark A. Rosenblum

C:\Documents and Settings\PGauthier\Local Settings\Temporary Internet Files\OLK5\Proposed Second Amended Answer 9-2003.doc
11/24/03 3:35 PM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793